NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3089

WILBERT T. CHARITY,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

_____

DECIDED:  May 4, 2006

_____

Before MAYER, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Wilbert T. Charity petitions for review of the final order of the Merit Systems Protection Board ("Board"), sustaining the General Service Administration's action removing him from his position of Transportation Operations Specialist (Motor), GS-11, effective September 2, 2003.  We <u>affirm</u>.

## BACKGROUND

At the time of his removal, Mr. Charity was employed by the General Service Administration ("GSA" or the "agency") Accident Management Center as a transportation operations specialist (motor) ("TOS").

During his tenure in the TOS position, Mr. Charity was the subject of several disciplinary actions. These include a Record of Infraction in August 2002, a Warning Notice in September 2002, an Official Reprimand in December 2002, and a suspension without pay in February 2003.

On July 2, 2003, the agency provided Mr. Charity with a Notice of Proposal to Remove him from service. The notice charged Mr. Charity with neglect of duty under two specifications. For each specification, the agency stated the requirements of the Accident Management Center ("AMC") Standard Operating Procedures ("SOP") performance measure at issue and why Mr. Charity did not meet that measure. The first specification alleged a failure to follow requirements of the SOP and instructions from his team leader and supervisor. Under this specification, the agency listed seven instances in which Mr. Charity allegedly failed to follow the SOP requirements for timely processing of estimates, purchase orders, and bill-backs. The second specification alleged a failure to meet the SOP Performance Measure for Average Days Open for Accidents. Subsequently, the agency issued a Letter of Decision on Proposed Removal Notice on August 14, 2003, removing Mr. Charity from federal service as of September 2, 2003 and informing him of his appeal rights.

On September 29, 2003, Mr. Charity filed an appeal with the Board from the agency's removal action. After being twice dismissed without prejudice, the appeal was timely refiled on October 9, 2004. In his May 20, 2005 initial decision, the administrative judge held that the agency proved both specifications of its charge. Charity v. Gen. Serv. Admin., No. AT0752040003-I-3 (M.S.P.B. May 20, 2005) ("Initial Decision"), slip op. at 5-9. The administrative judge also held that Mr. Charity failed to prove a violation

of due process or harmful procedural error.  Id., slip op. at 9-10.  Finally, the administrative judge found that the GSA's removal action promoted the efficiency of the service.  Id., slip op. at 10-11.

Mr. Charity petitioned for full board review of the administrative judge's decision. The Board denied the petition for review making the administrative judge's initial decision the final decision of the Board.  Charity v. Gen. Serv. Admin., No. AT0752040003-I-3 (M.S.P.B. Nov. 7, 2005), slip op. at 2.  Mr. Charity timely petitioned this court for review of the Board's final decision.

## DISCUSSION

This court has jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1).  In reviewing the Board's decision, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. . . .

5 U.S.C. § 7703(c) (2000).

In his pro se appeal, Mr. Charity both filed an informal brief and appended a brief filed by his counsel in proceedings before the administrative judge.  Mr. Charity made three arguments before the administrative judge:  1) that the agency failed to provide him with access to all of the evidence relied upon for his removal; 2) that he did not in fact violate the SOP and performance measures in the manner alleged; and 3) that the agency had an ulterior motive for removing him from his position.  In his informal brief, Mr. Charity makes one primary argument:  that the removal was not justified because he could have been reassigned or provided with additional training or counseling.

Although it is unclear whether this argument was also raised before the Board, we address it, along with Mr. Charity's other arguments.

Mr. Charity first argues that the penalty of removal was overly harsh and he could have been reassigned or provided with additional training or counseling. The administrative judge found that the agency proved that removal was reasonable under the circumstances of the case. Initial Decision, slip op. at 11. In his decision, the administrative judge found that the deciding official properly considered the appropriate factors in selecting removal as the appropriate remedy, that Mr. Charity received numerous complaints from customers regarding his job performance, and that he had been previously reprimanded and suspended. Id. The Board's decision was therefore supported by substantial evidence and does not merit reversal.

Before the Board, Mr. Charity also argued that the agency deprived him of access to all of the evidence relied upon for his removal. This argument centered on Mr. Charity's claim that by failing to include copies of the SOP or performance measures in its proposal letter or before the board, the agency deprived him of his opportunity to fully understand and respond to the charges against him. Mr. Charity alternatively argued that this was a violation of his constitutional due process rights or constituted a harmful procedural error which mandates reversal of the agency's action. The Board held that the record showed that the agency offered Mr. Charity access to the evidence it relied on in its charges but that there was no showing that Mr. Charity requested and was denied such access. Id., slip op. at 9. Further, the record shows that in previous disciplinary notices he was made aware that the SOP was posted on the web and was required to be followed. The Proposed Notice of Removal further

includes the specific measures against which his performance was compared. Therefore, the Board's holding that the appellant failed to show either a violation of due process or harmful procedural error is supported by substantial evidence and does not warrant reversal.

Mr. Charity also argued before the Board that he did not in fact violate the SOP and performance measures in the manner alleged. Based on testimony from Mr. Charity's team leader, the Board found that the seven instances of violations of the first specification were well founded and sustained the charge. Id., slip op. at 6-7. As to the second specification, the Board found "a systematic failure on the appellant's part to perform his duties" based on data in the record indicating his average open days statistic over a half year period were consistently much higher than the performance measure of thirty days. Id., slip op. at 8. In addition, the administrative judge rejected Mr. Charity's arguments that he was unaware of the performance measures of the specifications or that they were merely goals. Id., slip op. at 7-9. The administrative judge concluded that Mr. Charity was on notice of the performance standards because he had been notified of them when he accepted employment, put on notice of them during prior reprimands, and the standards were available for him to review on his computer. Id. The Board's conclusion that Mr. Charity did violate the specifications and that the agency proved the charge of neglect of duty was therefore supported by substantial evidence.

Finally, Mr. Charity argued before the Board that the agency may have had an ulterior motive for removing him from his position. Specifically, Mr. Charity speculated that it was possible that his signature on a petition by employees at the AMC to

reinstate their former supervisor to their unit gave him a reputation as a troublemaker and was the real motivation for his removal. Although this argument was not addressed in the Board's decision, the Board did have evidence before it that retaliation was not the motivation for the removal. The regional administrator who made the final decision to remove Mr. Charity testified in an affidavit that the removal decision was not at all impacted by Mr. Charity's participation in the petition. Given this evidence and the speculative nature of Mr. Charity's argument, it was not erroneous for the Board to dismiss the argument that Mr. Charity's removal was retaliatory.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.